CELSO TAPIA OCASIO ET AL., Plaintiffs and Appellees, *v.* PEDRO MARTÍNEZ CANCEL and THE GREAT AMERICAN INDEMNITY CO., Defendants and Appellants.

No. 9890. Argued May 2, 1949.—Decided May 31, 1949.

*Francis and Ydrach* for appellants. *David Curet Cuevas* for appellees.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

This is an appeal from a judgment of the District Court of San Juan, granting a complaint in an action for damages wherein defendants were ordered to pay to the plaintiffs the amount of $1,500 plus costs and $200 for attorney's fees, as a consequence of an injury sustained by María Luisa Cruz upon being run over by defendant's truck at the time said vehicle was being operated in reverse.

The evidence of the plaintiffs failed to establish the identity of the person that was driving the truck at the time of the accident, but it did prove that said vehicle with license [plate number] HP–2643 and license CT–85 belonged to defendant Pedro Martínez Cancel. This fact was established by a certificate from the Commissioner of the Interior. The defendants offered no evidence whatsoever.

The only question for decision in this appeal is whether in the absence of proof as to the person operating the vehicle at the time of the accident, the judgment of the lower court should be reversed, notwithstanding the evidence establishing the fact that the truck was registered in the name of defendant Martínez Cancel.

Subdivision (b) of § 11 of Act No. 279 of April 5, 1946, (Sess. Laws, pp. 598, 632) provides, in its pertinent part, that "In any action brought under the provisions of this Act, the evidence of the license number of a motor vehicle shall be held to be presumptive evidence that the person registered as the owner of such vehicle was operating it at the time; *Provided*, That, if such owner consents to be examined under oath with respect to the identity of the person operating the vehicle at the time of the accident, and states under oath that the person driving the automobile was some other person, the *prima facie* presumption shall be destroyed." Although the action in this case was brought

under the provisions of § 1802 of the Civil Code, 1930 ed.,[1] it is no less true that Act No. 279 mentioned above, in its provisions relative to the use of motor vehicles (§ 12) and those providing for the regulation of traffic (§§ 13 to 17 inclusive), imposes certain duties that a person operating a motor vehicle must comply with while driving along the public highways in Puerto Rico, and the nonobservance, carelessness, and negligence of said person in the discharge of said obligations imposed by the Act are sufficient grounds for filing, in cases like the present one, an action under the aforesaid Section of the Civil Code. Accordingly, the action filed in the present case—and supported by the evidence that showed that the person backing the truck that caused the damages did so in violation of the duties imposed by Act No. 279 already mentioned—was *based on the provisions of said Act* and therefore the presumption arising from the proof of the license number of the truck pursuant to § 11, subdivision (b), thereof, is sufficient to show, in the absence of evidence to the contrary, that Pedro Martínez Cancel, the person registered as owner of said vehicle, was driving it at the time of the accident.

Since the defendants did not destroy this presumption, the prima facie case established by the plaintiffs remained intact.

The judgment appealed from will be affirmed.

---

[1] Section 1802 of the Civil Code, 1930 ed., provides:

"A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."